# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Leda Dunn Wettre |
| v. | : Mag. No. 20-13170 (LDW) |
| JOSE ARTURO AMAYA, <br> a/k/a "Jose A. Amaya," <br> a/k/a "Jose Amaya," <br> a/k/a "Jose Velez" | : **CRIMINAL COMPLAINT** |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

_____
Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Ian Patel attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 15th day of April, 2020 in the District of New Jersey.

HONORABLE LEDA DUNN WETTRE           _Leda Dunn Wettre_ (EP)
UNITED STATES MAGISTRATE JUDGE        Signature of Judicial Officer

## ATTACHMENT A

On a date on or after December 16, 2008, and on or before January 26, 2020, in Somerset County, in the District of New Jersey, and elsewhere, the defendant,

JOSE ARTURO AMAYA,
a/k/a "Jose A. Amaya,"
a/k/a "Jose Amaya,"
a/k/a "Jose Velez,"

being an alien, and on or about May 29, 2005, having been convicted in the Superior Court of New Jersey, Somerset County, of Distribution of CDS, namely Cocaine, in the Third Degree, in violation of Sections 2C:35-5(a)(1) and 2C:35-5(b)(3) of the New Jersey Code of Criminal Justice, an aggravated felony, and of Possession of CDS with Intent to Distribute, namely Cocaine, in the Third Degree, in violation of Sections 2C:35-5(a)(1) and 2C:35-5(b)(3) of the New Jersey Code of Criminal Justice, an aggravated felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

## **ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, JOSE ARTURO AMAYA, a/k/a "Jose A. Amaya," a/k/a "Jose Amaya," a/k/a "Jose Velez," (the "Defendant"), is a citizen of El Salvador, and he neither is a citizen nor a national of the United States.

2. On or about July 23, 2003, Defendant was arrested by the Police Department in Plainfield, New Jersey, for committing various drug related offenses, including but not limited to, Possession of CDS with intent to Distribute, in the Third Degree, in violation of Section 2C:35-5(a)(1) of the New Jersey Code of Criminal Justice.

3. On or about September 25, 2003, Defendant pled guilty in the Superior Court of New Jersey, Union County, to Possession of CDS with Intent to Distribute, namely Heroin, in the Third Degree, in violation of Section 2C:35-5(a)(1) of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately five years' imprisonment, the circumstance of which offense constitute an aggravated felony under 8 U.S.C. 1101(a)(43)(B).

4. On or about April 27, 2004, Defendant was arrested in North Plainfield, New Jersey, for committing various drug related offenses, including but not limited to, Distribution of CDS (Cocaine), in the Third Degree, in violation of Sections 2C:35-5(a)(1) and 2C:35-5(b)(3) of the New Jersey Code of Criminal Justice.

5. On or about May 29, 2005, Defendant pled guilty in the Superior Court of New Jersey, Somerset County, to Distribution of CDS, namely Cocaine, in the Third Degree, in violation of Sections 2C:35-5(a)(1) and 2C:35-5(b)(3) of the New Jersey Code of Criminal Justice, and to Possession of CDS with Intent to Distribute, namely Cocaine, in the Third Degree, in violation of Sections 2C:35-5(a)(1) and 2C:35-5(b)(3) of the New Jersey Code of Criminal Justice and was subsequently sentenced to approximately seven years' imprisonment, the circumstance of which each offense constitutes an aggravated felony under 8 U.S.C. 1101(a)(43)(B).

6. Thereafter, on or about July 27, 2007, Defendant was ordered removed from the United States to El Salvador by an immigration judge sitting in Newark, New Jersey.

7. On or about December 16, 2008, Defendant was removed from the United States to El Salvador. Shortly before his removal from the United States on or about December 16, 2008, an official from ICE took a fingerprint from Defendant.

8. At some point after his December 16, 2008 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

9. On or about January 26, 2020, Defendant was arrested by the Police Department in Bound Brook, New Jersey for Aggravated Assault-Attempt/Cause Seriously Bodily Injury, in violation of Section 2C:12-1(b)(1) of the New Jersey Code of Criminal Justice.

10. On or about January 31, 2020, Defendant entered into the custody of ICE in New Jersey.

11. A fingerprint taken from Defendant pursuant to his July 23, 2003 arrest for various drug related offenses and April 27, 2004 arrest for various drug related offenses was compared to his December 16, 2008 deportation record and the January 31, 2020 fingerprints that were taken after he entered ICE's custody. All the fingerprints were found to be identical.

12. Prior to Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.